UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>  Plaintiff,<br><br>  v.<br><br>KROL, et al.,<br><br>  Defendants. | Case No. 15-cv-05819-HSG<br><br>**ORDER OF PARTIAL SERVICE; DISMISSING CERTAIN DEFENDANTS WITH LEAVE TO AMEND** |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that prison officials at San Francisco County Jail violated his constitutional rights. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal
2  quotations omitted). Although a complaint "does not need detailed factual allegations [in order to
3  state a claim], . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief'
4  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of
5  action will not do. . . . Factual allegations must be enough to raise a right to relief above the
6  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).
7  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*
8  at 570.

9  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
10 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
11 the alleged violation was committed by a person acting under the color of state law. *See West v.*
12 *Atkins*, 487 U.S. 42, 48 (1988).

13 **B.     Legal Claims**

14 On or about June 8, 2015, Plaintiff was released from prison and transferred to San
15 Francisco County Jail on a civil commitment hold pending a probable cause hearing pursuant to
16 California's Sexually Violent Predators Act (Cal. Welf. & Inst. Code § 6600, et seq. ("SVPA")).
17 Docket No. 1 ("Compl.") at 8. According to the complaint, since Plaintiff entered San Francisco
18 Count Jail, he has been subjected to: excessive force, retaliation, threats to his life, denial of
19 medical treatment, deliberate indifference to his serious medical needs, false accusations of rule
20 violations, denial of his due process rights with respect to these rule violations, denial of his right
21 to access the courts, and sexual harassment. Plaintiff seeks compensatory damages, punitive
22 damages, and injunctive relief.

23 Under the Due Process Clause of the Fourteenth Amendment, civilly-committed persons
24 retain substantive liberty interests, which include at least the right to basic necessities such as
25 adequate food, shelter, clothing and medical care; safe conditions of confinement; and freedom
26 from unnecessary bodily restraint. *Youngberg v. Romero*, 457 U.S. 307, 315–16 (1982); *see also*
27 *id*. at 321–22 ("Persons who have been involuntarily committed are entitled to more considerate
28 treatment and conditions of confinement than criminals whose conditions of confinement are

designed to punish."). In addition, a "civil detainee awaiting adjudication is entitled to conditions of confinement that are not punitive." *Jones v. Blanas*, 393 F.3d 918, 933 (9th Cir. 2004). A restriction is intended to punish where it is excessive in relation to its non-punitive purpose, or is employed to achieve objectives that could be accomplished in so many alternative and less harsh methods. *Id.* at 933–34 (citations omitted). With respect to an individual confined awaiting adjudication under civil process, a presumption of punitive conditions arises where the individual is detained under conditions identical to, or similar to, or more restrictive than, those under which pretrial criminal detainees are held; or where the individual is detained under conditions more restriction than those he or she would face upon commitment. *Id.* at 934.

Plaintiff has named as defendants the City and County of San Francisco; Jane Does 1-3, identified as nurses working at San Francisco County Jail Intake; Jane Doe 4, identified as a psych tech working at San Francisco County Jail Intake; and the following twelve individual San Francisco County Jail officers: L.T. Krol, Captain Fischer, Sr. Deputy Groody, Officer Saelee, Officer Leung, Officer Suahlin, Officer Morris, Officer Bloom, Sr. Deputy Davis, Sergeant Gozin, Officer Wong, and Chief Deputy Sheriff Matthew Freeman. Docket No. 1 at 6–7.

Liberally construed, Plaintiff's allegations that his conditions of confinement in the San Francisco County Jail violated his constitutional rights as a civil detainee state cognizable claims under § 1983 against the individual defendants. Accordingly, the Court will order service of the complaint on the individual defendants.

However, the Court will dismiss the City and County of San Francisco and the Doe defendants from this action with leave to amend for the following reasons.

Local governments are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). However, a city or county may not be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell*, 436 U.S. at 691; *Fuller v. City of Oakland*, 47 F.3d 1522, 1534 (9th Cir. 1995). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must

3

show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff fails to allege any custom, practice, or official policy as to the City and County of San Francisco. However, Plaintiff will be provided an opportunity to amend the complaint to correct the deficiency in his claim against the City and County of San Francisco, if he can truthfully do so. *See Lopez v. Smith*, 203 F.3d 1122, 1127–31 (9th Cir. 2000) (en banc) (court may grant leave to amend a complaint if the deficiencies in the complaint can be cured by an amendment).

The use of Doe defendants is not favored in the Ninth Circuit. *See Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Using a Doe defendant designation creates the following problem: that person cannot be served with process until he or she is identified by his or her real name. Where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. *Id.* Failure to afford the plaintiff such an opportunity is error. *See Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the Doe defendants are DISMISSED from this action without prejudice. Should Plaintiff learn their identities, he may move to file an amendment to the complaint to add them as named defendants. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1195–98 (9th Cir. 2003). The burden to determine the identity of the Doe defendants is on Plaintiff; the Court will not undertake to investigate the names and identities of unnamed defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The City and County of San Francisco and the Doe defendants are dismissed from this action with leave to amend. If Plaintiff choses to amend his claims against the City and County of San Francisco, he must file an amended complaint within thirty (30) days of this order. The pleading must be simple and concise and must include the caption and civil case number used

1    in this order (15-5819 HSG (PR)) and the words AMENDED COMPLAINT on the first page.
2    The Clerk of the Court shall send Plaintiff a blank civil rights form along with his copy of this
3    order.

4        Plaintiff is advised that because an amended complaint completely replaces the previous
5    complaints, Plaintiff must include in his amended complaint all the claims he wishes to present
6    and all of the defendants he wishes to sue, including the claims that have been found cognizable
7    and the defendants that have been ordered served.  *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258,
8    1262 (9th Cir. 1992).

9        If Plaintiff fails to file a proper amended complaint within the designated time, the initial
10   complaint (Docket No. 1) shall continue as the operative complaint, and this instant action will
11   proceed against the defendants served below.

12       2.    The Clerk of the Court shall issue summons and the United States Marshal shall
13   serve, without prepayment of fees, a copy of the complaint (Docket No. 1), and a copy of this
14   order upon the following defendants: **L.T. Krol, Captain Fischer, Sr. Deputy Groody, Officer**
15   **Saelee, Officer Leung, Officer Suahlin, Officer Morris, Officer Bloom, Sr. Deputy Davis,**
16   **Sergeant Gozin, Officer Wong, and Chief Deputy Sheriff Matthew Freeman at San**
17   **Francisco County Jail, 425 7th Street, San Francisco CA 94103**. The Clerk shall also mail a
18   courtesy copy of the complaint and this order to the San Francisco City Attorney's Office.

19       3.    In order to expedite the resolution of this case, the Court orders as follows:

20       a.    No later than **91 days** from the date this Order is filed, defendants must file
21   and serve a motion for summary judgment or other dispositive motion.  If defendants are of the
22   opinion that this case cannot be resolved by summary judgment, defendants must so inform the
23   Court prior to the date the motion is due.  A motion for summary judgment also must be
24   accompanied by a *Rand* notice so that plaintiff will have fair, timely, and adequate notice of what
25   is required of him in order to oppose the motion.  *Woods v. Carey*, 684 F.3d 934, 939 (9th Cir.
26   2012) (notice requirement set out in *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), must be
27   served concurrently with motion for summary judgment).  A motion to dismiss for failure to
28   exhaust available administrative remedies similarly must be accompanied by a *Wyatt* notice.

5

*Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012).

        b.      Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon defendants no later than **28 days** from the date the motion is filed.  Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.  Plaintiff also must bear in mind the notice and warning regarding motions to dismiss for non-exhaustion provided later in this order as he prepares his opposition to any motion to dismiss.

        c.      Defendants **shall** file a reply brief no later than **14 days** after the date the opposition is filed.  The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion.

    4.    Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(c), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand v. Rowland,* 154 F.3d 952, 962–63 (9th Cir. 1998) (en banc) (App. A).

    Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by defendants in their motion to dismiss.  *Wyatt v. Terhune*, 315 F.3d

1108, 1120 n.14 (9th Cir. 2003).

(The *Rand* and *Wyatt* notices above do not excuse defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 939).

5. All communications by plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to the defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

9. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to the Court for consideration in this case.

**IT IS SO ORDERED.**

Dated: May 31, 2016

*Haywood S. Gilliam Jr.*
HAYWOOD S. GILLIAM, JR.
United States District Judge