UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KROL, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-05819-HSG<br><br>**ORDER DENYING REQUEST FOR EXTENSION OF TIME**<br><br>Re: Dkt. No. 22 |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that prison officials at San Francisco County Jail violated his constitutional rights. Now pending before the Court is Plaintiff's request for an extension of time to comply with Defendants' deposition request. Docket No. 22. Defendants have filed an opposition. Docket No. 23. For the reasons set forth below, Plaintiff's request for an extension of time is DENIED.

**BACKGROUND**

On May 31, 2016, the Court ordered service of the complaint on L.T. Krol, Captain Fischer, Sr. Deputy Groody, Officer Saelee, Officer Leung, Officer Suahlin, Officer Morris, Officer Bloom, Sr. Deputy Davis, Sergeant Gozin, Officer Wong, and Chief Deputy Sheriff Matthew Freeman ("Defendants"). Docket No. 9.

On July 15, 2016, Defendants noticed Plaintiff's deposition for August 10, 2016. Docket No. 15-1 at 2. On July 26, 2016, the notice of deposition was returned to counsel for Defendants postmarked "Return to Sender, Attempted – Not Known, Unable to Forward." *Id.*

On August 18, 2016, the Court ordered Plaintiff to comply with Civil Local Rule 3-11 and notify the Court and all parties of his new address. Docket No. 16. On October 12, 2016, Plaintiff filed a notice of change of address with the Court. Docket No. 19. On October 17, 2016, the

1  Court set a briefing schedule requiring Defendants to file a dispositive motion by December 19,
2  2016.  Docket No. 20.

## DISCUSSION

On October 20, 2016, Defendants re-noticed Plaintiff's deposition for November 18, 2016 at Plaintiff's new address.  Docket No. 23 at 2 and No. 23-1 at 4–6.[1]  The notice also required that Plaintiff bring to the deposition certain categories of items (photos, documents, lists) within his possession.  Docket No. 23-1 at 4–6.  Plaintiff requests an "extension of time to comply with Defendants' deposition request."  Docket No. 22.  Plaintiff states that he will need time to obtain the requested documents.  *Id.* at 3–4.  Plaintiff does not specify how long of an extension he seeks.  Defendants oppose this motion, arguing that Plaintiff's request is not the proper subject of an administrative motion and that Plaintiff fails to clearly state the relief sought.  Docket No. 23 at 3.

Plaintiff's request to postpone his deposition date in order to gather evidence is DENIED.  The deposition notice only requires Plaintiff to bring to the deposition items that are in Plaintiff's possession at the time of the deposition.  Plaintiff is not required to obtain the items requested prior to being deposed.  Nor is it necessary for a party to be in possession of all relevant documentary evidence prior to being deposed.

Plaintiff's request to postpone the date by which he must produce the items requested in the deposition notice is DENIED AS MOOT.  A deposition notice is separate from a discovery request for production.  As discussed above, the deposition notice only requires Plaintiff to bring to the deposition items that are in Plaintiff's possession at the time of the deposition.  If Plaintiff has no such items in his possession at the time of the deposition, he need not produce them to Defendants at the deposition.

To the extent that Plaintiff is generally asking for an extension of time to obtain documents supporting his claims, this request is premature as Plaintiff has not yet formally sought these documents, *see* Docket No. 23 at 3 (Plaintiff has not yet served any discovery in this case) and may be able to obtain these documents in time to oppose any dispositive motion filed by

---

[1] Plaintiff received this notice on October 25, 2016.  Docket No. 22 at 1.

Defendants.

To the extent that Plaintiff is alleging that he will need an attorney to represent him during his deposition, the Court notes that, at this early state in the proceedings, the Court is unable to assess whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment. *See Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved). Plaintiff should be prepared to be deposed without counsel.

## CONCLUSION

For the foregoing reasons, Plaintiff's request for an extension of time is DENIED.

This order terminates Docket No. 22.

**IT IS SO ORDERED.**

Dated: 11/4/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge