UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER, <br> Plaintiff, <br> v. <br> KROL, et al., <br> Defendants. | Case No. 15-cv-05819-HSG <br><br> **ORDER OF DISMISSAL WITH PREJUDICE** <br><br> Re: Dkt. No. 30 |

Plaintiff filed this *pro se* civil rights action under 42 U.S.C. § 1983, alleging that prison officials at San Francisco County Jail violated his constitutional rights. On April 14, 2017, Defendants filed a motion seeking to dismiss this action with prejudice due to Plaintiff's failure to attend his own deposition, or, in the alternative, compel Plaintiff's deposition. Dkt. No. 30. Plaintiff has not responded to this motion; has not sought an extension of time to respond to this motion; and has not otherwise communicated with this Court. On May 26, 2017, Defendants filed a reply in support of their motion to dismiss. Dkt. No. 32. On June 13, 2017, the Court ordered Plaintiff to show cause why the Court should not grant the motion to dismiss. Dkt. No. 33. Plaintiff has not responded to the Court's order to show cause. Plaintiff has not communicated with the Court since October 31, 2016. For the reasons set forth below, the Court therefore GRANTS Defendants' motion to dismiss, and will dismiss this action with prejudice.

**BACKGROUND**

The following facts are undisputed.

Plaintiff filed this action on December 18, 2015, alleging that his conditions of confinement in San Francisco County Jail violated his constitutional rights as a civil detainee. Dkt. No. 1. The Court issued an order of partial service and set a briefing schedule. Dkt. No. 9.

On December 16, 2016, Defendants sought an extension of time to file their dispositive motion, informing the Court that Plaintiff unilaterally terminated his November 18, 2016 deposition, Dkt. No. 30-1 ("Ceballo Decl."), ¶ 11; and that, during a December 7, 2016 scheduling call, Plaintiff refused to discuss setting a new date for his deposition and terminated the phone call, *id*., ¶ 12. On December 19, 2016, the Court granted Defendants' request for an extension of time and ordered Plaintiff to approach the discovery process, including his deposition, with a spirit of cooperation. Dkt. No. 28. On March 6, 2017, Defendants re-noticed Plaintiff's deposition for March 23, 2017, and served the notice of deposition on Plaintiff by U.S. mail at the address listed in the Court's Electronic Filing System: Jeffrey E. Walker, #2138-6, State Hospital, P.O. Box 5003, Coalinga, CA 93210. *Id.*, ¶ 16 and Dkt. No. 30-2 at 18–21. On March 23, 2017, Defendants' attorney appeared at the deposition, but Plaintiff refused to answer any questions related to the present lawsuit, claiming that he had not received notice of the deposition. Dkt. No. 30-1, ¶ 17 and Dkt. No. 30-2 at 24–27.

## DISCUSSION

It is well established that a district court has the authority to dismiss an action because of a plaintiff's failure to comply with court orders or because of a plaintiff's failure to prosecute an action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district court may dismiss action "for failure to comply with any order of the court").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, a district court should consider five factors: (1) the public's interest in expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of actions on their merits; and (5) the availability of less drastic sanctions.[1] *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.

---

[1] A district court should also afford the litigant prior notice of its intention to dismiss. *Malone*, 833 F.2d at 133. The Court provided Plaintiff with prior notice of its intent to dismiss in its June

1987); *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir. 1986); *see also In re Eisen*, 31 F.3d 1447, 1451–56 (9th Cir. 1994) (applying these factors where plaintiff failed to prosecute); *Ferdik*, 963 F.2d at 1260–63 (applying these factors where plaintiff failed to comply with court orders).

The first two factors — the public interest in expeditious resolution of litigation and the court's need to manage its docket — weigh in favor of dismissal. Plaintiff has failed to oppose Defendants' motion to dismiss; refused to answer deposition questions related to the instant action; failed to respond to the Court's June 13, 2017 Order to Show Cause why this action should not be dismissed with prejudice; and has not communicated with the Court since October 31, 2016. Plaintiff has not litigated this action diligently, and his actions thus far suggest that he is unlikely to do so. Plaintiff's conduct prevents the Court from expeditiously moving this case toward disposition, thereby preventing the Court from managing its docket.

The third factor — prejudice to defendants — also weighs in favor of dismissal. A rebuttable presumption of prejudice to defendants arises when there is a failure to prosecute diligently, which may be rebutted when a plaintiff proffers an excuse for delay. *Eisen*, 31 F.3d at 1452–53. Plaintiff has failed to come forward with any excuse or reason for his failure to prosecute despite the Court's June 13, 2017 Order to Show Cause specifically directing Plaintiff to show cause why this action should not be dismissed. *Cf. Carey*, 856 F.2d at 1441 ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not.") (affirming dismissal of case without prejudice where plaintiff failed to advise court of change in address).

The fourth factor — public policy in favor of deciding cases on their merits — weighs against dismissal. It is, however, a plaintiff's responsibility to move a case towards a disposition at a reasonable pace and to avoid dilatory tactics. *See Morris v. Morgan Stanley Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (affirming dismissal of case with prejudice where plaintiffs delayed adjudication of federal claims by failing to respond to discovery and arbitration-related

---

13, 2017 Order to Show Cause (Dkt. No. 33), to which Plaintiff did not respond.

correspondence, misrepresenting their intention to district court in five separate status conferences, and substituted counsel four times). Plaintiff has not discharged this responsibility. The public policy favoring resolution of disputes on the merits does not outweigh Plaintiff's failure to litigate this matter in good faith by responding to motions and participating in the discovery process.

The fifth factor — availability of less drastic sanctions — weighs in favor of dismissal. Given that Plaintiff has not responded to the Court's last order, no lesser sanction is available. *See Fellows v. Hartley*, 2010 WL 1335393, at *2 (E.D. Cal. 2010) (given petitioner's noncompliance with the Court's order, no lesser sanction was feasible), *adopted in full*, 2010 WL 398973 (E.D. Cal. 2010); *Carey*, 856 F.2d at 1441. In addition, the Court's June 13, 2017 Order to Show Cause specifically directing Plaintiff to show cause why the Court should not grant Defendants' motion to dismiss satisfies the "consideration of alternatives" requirement. *Cf. Fellows v. Hartley*, 2010 WL 1335393, at *2; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.

Having carefully considered all five factors, the Court concludes that dismissal for failure to prosecute is appropriate, and GRANTS Defendants' motion to dismiss this action with prejudice.

## CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss is GRANTED. Dkt. No. 30. This action is dismissed with prejudice for failure to prosecute.

The Clerk shall terminate Docket No. 30, enter judgment in favor of Defendants, and close the file.

**IT IS SO ORDERED.**

Dated: 8/7/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

4