UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br><br>    Plaintiff,<br><br>v.<br><br>KROL, et al.,<br><br>    Defendants. | Case No. 15-cv-05819-HSG<br><br>**ORDER DENYING REQUEST TO VACATE JUDGMENT PURSUANT TO FED. R. CIV. P. 60(b)(6)**<br><br>Re: Dkt. No. 38 |

Plaintiff, an inmate housed at San Francisco County Jail, filed this *pro se* action pursuant to 42 U.S.C. § 1983. Now pending before the Court is Plaintiff's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. No. 38. Defendants have filed an opposition. Dkt. No. 46. For the reasons set forth below, Plaintiff's motion is DENIED.

## DISCUSSION

### I.  Procedural History

On or about December 18, 2015, Plaintiff filed this *pro se* action pursuant to 42 U.S.C. § 1983, alleging that while he was housed at San Francisco County Jail as a pretrial detainee in or around June 2015, his conditions of confinement violated the Fourteenth Amendment. Dkt. Nos. 1, 9. On June 13, 2017, the Court ordered Plaintiff to show cause why the Court should not grant Defendants' motion to dismiss the action with prejudice based on Plaintiff's repeated refusals to sit for his deposition which prevented Defendants from gathering evidence concerning the allegations set forth in the complaint. Dkt. No. 33. Plaintiff did not file an opposition to Defendants' motion to dismiss, did not respond to the Court's order to show cause, and did not communicate with the Court after October 31, 2016. After carefully considering the five factors

relevant to whether a district court should dismiss for failure for prosecute or for failure to comply with court orders, the Court concluded that dismissal for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) was appropriate and dismissed the case with prejudice on August 7, 2017. Dkt. No. 35.

On January 6, 2022, more than four years later, Plaintiff wrote the Court, stating that he had been unable to follow through with this case because he was mentally impaired since 2016 due to being forcibly administered anti-psychotic medication. Plaintiff stated that he was now "ok" and would like to proceed with this action. Dkt. No. 37.

On January 28, 2022, Plaintiff filed the instant motion to reinstate this action, which the Court construes as a motion for leave to vacate or set aside the judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. Nos. 38, 44.

## II.     Request to Set Aside Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)

### A.     Legal Standard

"[Fed. R. Civ. P. 60(b)(6)] has been used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005) (internal quotations omitted). Thus, to reopen a case under Rule 60(b)(6), a party must establish "both injury and circumstances beyond his control that prevented him from proceeding in a proper fashion." *Id.* (internal quotations omitted); *see, e.g., id*. at 1160-61 (finding plaintiff entitled to relief under Rule 60(b)(6) because tribal non-recognition was extraordinary circumstance beyond their control which prevented them from proceeding in proper fashion). In considering whether to grant a Rule 60(b)(6) motion, the following factors may be relevant to the analysis: (1) whether the plaintiff has made a showing of extraordinary circumstances, such as a change in intervening law; (2) whether the petitioner exercised diligence in pursuing the issues; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; and (5) degree of connection between the

extraordinary circumstance and the decision for which reconsideration is sought.[1]  *See Henson v. Fidelity Nat'l Financial, Inc.*, 943 F.3d 434, 440 (9th Cir. 2019) (factors set forth in *Phelps v. Alameida*, 569 F.3d 1120, 1135 (9th Cir. 2009), which considered Fed. R. Civ. P. 60(b)(6) relief in the context of habeas proceedings, are also relevant in civil rights context).  The Court must consider all of the relevant circumstances surrounding the specific Rule 60(b)(6) motion.  *Id.*

**B.  Analysis**

Plaintiff requests that the Court reopen this case, claiming that he was unable to prosecute this case because he was forcibly medicated with anti-psychotic medications from November 1, 2016 to 2021.  Dkt. No. 38.  Plaintiff states that at some point he was "partially functioning" and therefore able? to file criminal post conviction writs and 851.8 petitions to seal and destroy arrest records; and to restart or refile Santa Clara County Case No. 146125.  Plaintiff states that on or around October 27, 2021, he was a "non-prisoner @ state hospital . . . 6600 civil hold."  Dkt. No. 38 at 3.  Plaintiff attached the following to his motion: a January 6, 2022 California Court of Appeal denial of his petition for a writ of habeas corpus; and a September 20, 2021 San Francisco Superior Court denial of his petition for a writ of habeas corpus.  Plaintiff states that he has only recently returned to county jail.  Plaintiff attaches copies of state court pleadings from state court actions that he initiated in or around 2021.  *See generally* Dkt. No. 38.  In a later pleading, Plaintiff states that he was on anti-psychotic medication and partially sedated; that he recalls that at the start of the deposition hearing, he did not refuse to participate but notified the city attorney that he was unable to go forward; and that he does not recall any April 14, 2017 motion to compel his deposition.  Dkt. No. 43.

Defendants initially construed the motion as a motion to reopen.  Defendants opposed, arguing that reopening is barred by res judicata and the statute of limitations.  Defendants argue that res judicata prohibits relitigation of these claims since the Court has already entered judgment in Defendants' favor.  Defendants also argue that the statute of limitations expired sometime in 2017 and that any new complaint would be untimely because it would not relate back to the 2015

---

[1] *Henson* lists a sixth factor to consider, comity, but this factor is only applicable in cases involving a federal habeas petition that challenges a state conviction.  *Henson*, 934 F.3d at 453.

complaint. *See generally* Dkt. No. 41.

In response to the Court's order, Defendants addressed whether the Court should vacate the judgment pursuant to Fed. R. Civ. P. 60. Defendants opposed vacating the judgment, arguing that Plaintiff's vague claim that he was impaired by medication does not constitute extraordinary circumstances because Plaintiff has not identified the alleged medication or how the medication prevented him from prosecuting this case. Defendants further argue that Plaintiff did not bring his motion within a "reasonable" time, as required by Fed. R. Civ. P. 60(b)(6), in that judgment was entered in August 2017, and Plaintiff was capable of filing, and did file, court actions in 2021, but delayed until January 2022 to file this motion to vacate the judgment and re-instate this action.

Applying the *Phelps* factors listed above, the Court finds that Plaintiff has not demonstrated the "extraordinary circumstances" or "manifest injustice" required to set aside a judgment under Fed. R. Civ. P. 60(b)(6).

The first factor – showing of extraordinary circumstances – weighs against Plaintiff. Plaintiff has not made a showing of extraordinary circumstances. Plaintiff has conclusorily stated that he was unable to prosecute this action because he was involuntary medicated from November 2016 to 2021. But Plaintiff has not explained how the medication prevented him from prosecuting this action, i.e. what kind of anti-psychotic medication he was prescribed and how the partial sedation made him unable to prosecute this case for over four years. Plaintiff also has not addressed how he was able to pursue multiple cases in state court despite being forcibly medicated or, if he is no longer medicated, why he did not promptly pursue this action once he stopped being medicated.

The second factor – diligence in pursuing the issue – also weighs against Plaintiff. Plaintiff has been filing and pursuing other court actions since sometime in 2021 but did not file the motion to vacate judgment until January 2022.

The third and fourth factors – interest in finality and delay between the finality of the judgment and this motion – also weigh against Plaintiff. This case was closed nearly five years ago and Plaintiff has made no effort to prosecute the case until recently. Evidence may well no longer be available, and witnesses' memories may have faded.

The fifth factor – degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought – is neutral. The alleged extraordinary circumstance – being involuntarily medicated – is the reason he seeks to reopen this action over four years later, but Plaintiff does not explain why he was able to file actions in state court prior to filing this motion.

Weighing all the relevant factors together and evaluating the circumstances of this case, the Court concludes that Plaintiff has not demonstrated that he is entitled to relief under Fed. R. Civ. P. 60(b)(6).

## CONCLUSION

For the reasons set forth above, the Court DENIES Plaintiff's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(6). Dkt. No. 38. This case remains closed.

This order terminates Dkt. No. 38.

**IT IS SO ORDERED.**

Dated: July 29, 2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge