UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY E. WALKER,<br>　　　　Plaintiff,<br>　　v.<br>KROL, et al.,<br>　　　　Defendants. | Case No. 15-cv-05819-HSG<br><br>**ORDER GRANTING EXTENSION OF TIME TO FILE RESPONSE**<br><br>Re: Dkt. Nos. 61, 62 |

This order addresses Plaintiff's requests for an extension of time to file the supplemental briefing ordered by the Court on July 6, 2023. Dkt. Nos. 61, 62.

**BACKGROUND**

Plaintiff commenced this action on or about December 18, 2015, over eight years ago. Dkt. No. 1. The Court found that the complaint stated certain cognizable claims and ordered service. Dkt. No. 9. On August 7, 2017, the Court dismissed the action with prejudice due to Plaintiff's failure to attend his own deposition pursuant to Fed. R. Civ. P. 41(b) which provides district courts with the authority to dismiss an action because of a plaintiff's failure to comply with court orders or to prosecute an action; and entered judgment in favor of Defendants. Dkt. Nos. 35, 36. On January 28, 2022, more than four years after the action was dismissed, Plaintiff requested that the Court vacate the dismissal and judgment pursuant to Fed R. Civ. P. 60(b)(6) and reopen the case. Dkt. No. 49. Plaintiff alleged that he was unable to prosecute the case earlier because he had been involuntarily medicated during the relevant time period. *Id.* On July 6, 2023, the Court ordered the parties to provide supplemental briefing on two specific issues, to assist the Court in deciding Plaintiff's Fed. R. Civ. P. 60(b)(6) motion. Dkt. No. 54. Defendants filed their supplemental brief on September 25, 2023. Dkt. Nos. 58–60. Plaintiff's responsive supplemental

1  brief was due October 23, 2023, but Plaintiff did not file anything with the Court until a month
2  and a half later on December 6 and 8, 2023, when he requested extensions of time to file his
3  responsive supplemental brief, Dkt. Nos. 61, 62.

## DISCUSSION

In his requests for an extension of time,[1] Plaintiff stated that he had been unable to work on his supplemental brief because he is prosecuting multiple other cases simultaneously, including his civil commitment case; he was hospitalized in July 2023; carpel tunnel and hand surgery limited this ability to write for a while; he is suffering from numerous health issues, including COVID-19 and kidney failure; and Plaintiff had not received Defendants' supplemental brief as of December 6, 2023. Plaintiff also requests that he be allowed to obtain his Coalinga State Hospital mental health records from 2016 to 2021. *See generally* Dkt. Nos. 61, 62. Defendants oppose the request for an extension of time. Defendants argue that Plaintiff has not shown the good cause required by Fed. R. Civ. P. 6 because Defendants have been prejudiced by Plaintiff's delays throughout the life of this case, that Plaintiff has not explained why he delayed 45 days after the deadline had expired to seek an extension of time; Plaintiff's hand surgery only reduced his working hours by half, not entirely; Plaintiff's other lawsuits do not provide a basis for a finding of excusable neglect; and Plaintiff has not demonstrated good faith in requesting an extension of time because more than four months have passed since the deadline and Plaintiff has not filed his supplemental briefing, or indicated when he might do so. Dkt. No. 63.

The Court agrees that Plaintiff has not demonstrated good cause for the extensive delay in filing the supplemental briefing.

Plaintiff's choice to file numerous lawsuits does not constitute good cause for delaying this (or any other) case. In addition, delays prejudice the opposing party and affect the availability of relevant evidence. Moreover, Defendants note that Plaintiff has failed to meet deadlines in his other cases as well, Dkt. No. 63 at 3 n.2, casting doubt on this claim that other litigation prevents him from meeting the deadlines in this case and raising concerns about his regard for court

---

[1] The requests for an extension of time are identical. *Compare* Dkt. No. 61 *with* Dkt. No. 62.

1  deadlines. Dkt. No. 63 at 3 n.2.

2  Plaintiff's hand injury does not constitute good cause for granting an extension of time.

3  Plaintiff's hand injury does not seem to have significantly affected his litigation activity, as he

4  reports that he is still actively litigating numerous cases.

5  Finally, if Plaintiff seeks his medical records, he should request them directly from

6  Coalinga State Hospital. Neither the Court nor Defendants are responsible for providing Plaintiff

7  with these records. Given that these are Plaintiff's personal medical records, it is unclear why

8  Plaintiff is unable to obtain them. However, if Plaintiff believes that that he requires a subpoena

9  to access these records, he may file a request with this Court for issuance of a subpoena. The

10  request must be accompanied by a showing that Plaintiff is only able to obtain these records via a

11  third-party subpoena.[2] The Court notes that Plaintiff has been aware of the need for these records

12  since supplemental briefing was ordered on July 6, 2023.

13  However, in the interests of justice, the Court GRANTS Plaintiff a final extension of time

14  to April 8, 2024 to file the supplemental briefing ordered by the Court on July 6, 2023. With this

15  extension of time, Plaintiff will have been granted approximately a five month extension of time.

16  **No further extensions of time will be granted.** Plaintiff's motion to reopen pursuant to Fed. R.

17  Civ. P. 60(b)(6), Dkt. No. 49, will be deemed submitted as of April 8, 2024, and the Court will

18  decide the motion based on the pleadings deemed submitted as of April 8, 2024. The Court will

19  apply the mailbox rule to Plaintiff's filings.[3]

## CONCLUSION

21  For the reasons set forth above, the Court GRANTS Plaintiff a final extension of time to

22  April 8, 2024 to file the supplemental briefing ordered by the Court on July 6, 2023. **No further**

23  **extensions of time will be granted.** Plaintiff's motion to reopen pursuant to Fed. R. Civ. P.

24  60(b)(6), Dkt. No. 49, will be deemed submitted as of this date, and the Court will decide the

---

[2] For example, Plaintiff should provide documentation of his requests for the requested records and the denials.

[3] In determining when a Section 1983 suit filed by a pro se prisoner is filed, the "mailbox" rule applies. *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009). A Section 1983 complaint is considered to be filed on the date a prisoner delivered it to prison authorities for forwarding to the court clerk. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

motion based on the pleadings deemed submitted as of April 8, 2024.

This order terminates Dkt. Nos. 61, 62.

**IT IS SO ORDERED.**

Dated: 3/6/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge